**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER CANTNER and SHANNON CANTNER, his wife, | |
| Plaintiff, | CIVIL ACTION NO. 3:07-CV-0343 |
| v. | (JUDGE CAPUTO) |
| LARRY SMITH and FIRST EXPRESS, INC., | |
| Defendants. | |

**MEMORANDUM**

Before me is Defendants' Motion for Partial Summary Judgment (Doc. 49) in which Defendants seek partial summary judgment on Count III (negligent hiring, supervision, monitoring, instructing and entrusting Smith with a tractor trailer); and Counts VI and VII (punitive damages).  I will deal with these subjects in turn.

**1.    Count III**

Plaintiff seeks separate, direct liability against Defendant, First Express, Inc. for the negligent hiring, supervision, monitoring, instructing and entrusting Defendant Smith with the subject tractor trailer.

Plaintiff fails to present evidence to support its claim of direct liability.  The Plaintiff's expert, Roger C. Allen, opines that Mr. Smith was in violation of the number of hours authorized under the Federal Motor Carrier Safety Regulations because Mr. Smith had driving time in excess of seventy (70) hours (viz 73.75 hours) in the eight days prior to the accident.  The accident occurred on June 23, 2005 at approximately 9:30 a.m.  It is uncontested in the evidence presented (including the report of Mr. Allen, the *Daubert*

Hearing conducted on April 1, 2009 and Mr. Smith's deposition) that Mr. Smith had a thirty-four hour break on June 18, 2005. Mr. Allen extrapolates a total of 44.8 hours in the five days prior to the accident. Any suggested violation of the 70/8 rule prior to this time period is irrelevant given the thirty-four hour break beginning June 18, 2005. Since Count III is based upon the theory that there was a violation of the allowable hours prior to the accident, and therefore Defendant, First Express, Inc. should not have allowed Mr. Smith on the road with the subject tractor trailer, the break five days prior to the accident nullifies such a theory. Therefore, the Defendants are entitled to summary judgment on Count III.

**2.      Counts VI and VII**

Given the grant of summary judgment as to Count III, summary judgment as to Count VII, which is the claim for punitive damages for the claim alleged in Count III, will be granted. As to Count VI, there may well be evidence to support a claim for punitive damages being placed before the jury. Therefore, the issue will be deferred to the time of trial, and the motion for partial summary judgment on Count VI will be denied, without prejudice.

An appropriate Order follows.


Date: April 24, 2009                      /s/ A. Richard Caputo
                                          A. Richard Caputo
                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER CANTNER and SHANNON CANTNER, his wife,   Plaintiff,   v.   LARRY SMITH and FIRST EXPRESS, INC.,   Defendants. | CIVIL ACTION NO. 3:07-CV-0343   (JUDGE CAPUTO) |

## ORDER

**NOW**, this 24th day of April, 2009, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Partial Summary Judgment as to Count III and Count VII is **granted.**

2. Defendants' Motion for Partial Summary Judgment as to Count VI is denied, without prejudice.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge